# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 08-129

**STATE OF LOUISIANA**

**VERSUS**

**GREGORY L. CLAVELLE, SR.**

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 05-555
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.

**AFFIRMED.**

**J. Phillip Haney**
**District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4420**
**Counsel for Appellee:**
**State of Louisiana**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**Counsel for Appellant:**
**Gregory L. Clavelle, Sr.**

**Karla Marie Baker**
**Martin E. Regan & Associates, P.L.C.**
**2125 St. Charles Ave.**
**New Orleans, LA 70130**
**(504) 522-7260**
**Counsel for Appellant:**
**Gregory L. Clavelle, Sr.**

**Gregory L. Clavelle, Sr.**
**Louisiana State Prison**
**Hickory 4**
**Angola, LA 70712**
**In Proper Person**

**SAUNDERS, Judge.**

Defendant, Gregory L. Clavelle, Sr., was indicted for first degree murder by a grand jury on March 22, 2005. A jury trial commenced on July 16, 2007, and on July 21, 2007, Defendant was found guilty as charged. Defendant was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence on July 22, 2007. Defendant has perfected a timely appeal.

For the following reason, we affirm Defendant's conviction.

## FACTS:

On January 26, 2005, Defendant stabbed his wife, Mary Matthews Clavelle, several times. The victim died as a result of her injuries.

A protective order issued by Judge Charles L. Porter on February 27, 2004, had ordered Defendant to maintain a distance of one hundred yards away from the victim. Defendant stipulated before trial that this protective order was in effect at the time of the murder. In addition, the jury was shown certified copies of the protective order and given limiting instructions as to the use of the information contained in the petition for order of protection.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENTS OF ERROR:

In brief, Defendant alleges four assignments of error, as follows:

1. The State failed to establish beyond a reasonable doubt that a lawful order prohibiting contact between the offender and the victim in response to threats of physical violence or harm had been issued; therefore, the State failed to prove that Gregory L. Clavelle, Sr. was guilty of first degree murder beyond a reasonable doubt.

2. The State failed to prove the protective order was a "lawful order" against Gregory Clavelle as it was issued in the absence of right to counsel.

3. It is fundamentally unfair and violative of due process to allow a restraining order to serve as an element of first degree murder in the absence of the right to jury trial and proof beyond a reasonable doubt.

4. The trial court erred in denying defense counsel's request for an offer of proof when the State made allegations in the opening statement that there had been a finding of threats of violence and harm after a hearing on the protective order.

Defendant presents four assignments of error on appeal, all of which surround the protective order that served as an aggravating factor in Defendant's first degree murder conviction. We address these four assignments of error collectively.

Defendant asserts that the State failed to prove a necessary element of the charge of first degree murder---that he was under the edict of a lawful order issued by a judge or magistrate which prohibited contact between himself and the victim in response to threats of physical violence or harm to the victim. La.R.S. 14:30(A)(8).

Specifically, Defendant argues that for the purpose of La.R.S. 14:30(A)(8), the State did not prove the protective order was lawful because it did not appear from the certified copy of the "Petition for Protection From Abuse" and the resulting "Protective Order" that Defendant was represented by counsel at the order to show cause hearing held on the petition on February 27, 2004. Defendant asserts that he had a fundamental right to be represented by counsel at the hearing and without representation of counsel, the order of protection was not a lawful document. Accordingly, the defendant contends that a necessary element of first degree murder was not proved.

Louisiana Revised Statutes 14:30, in pertinent part, provides:

A. First degree murder is the killing of a human being:

2

. . . .

(8) When the offender has specific intent to kill or to inflict great bodily harm and there has been issued by a judge or magistrate any lawful order prohibiting contact between the offender and the victim in response to threats of physical violence or harm which was served on the offender and is in effect at the time of the homicide.

On February 11, 2004, the victim applied for orders of protection, alleging that her husband, Defendant, threatened her with bodily harm and inflicted emotional and verbal abuse upon her. A temporary restraining order was issued, and Defendant was ordered into court on February 27, 2004. Defendant was served and appeared on that date. Following the hearing, Defendant was ordered to have no contact with the victim. The Defendant's signature appears on the order along with the victim's and the judge's signature. The order was set to expire on February 27, 2005, one month after the murder.

Defendant argues that his due process rights were violated by the use of the restraining order as an element of first degree murder, asserting that this element was not presented to the jury and not proven beyond a reasonable doubt. We do not find Defendant's argument persuasive.

The Supreme Court addressed the issue of whether "the Sixth Amendment's jury trial guarantee, made applicable to the States by the Fourteenth Amendment, requires that the aggravating factor determination be entrusted to the jury." *Ring v. Arizona*, 536 U.S. 584, 597, 122 S.Ct. 2428, 2437 (2002). The Court found that it did, and stated, "the jury must find the existence of the *fact* that an aggravating factor existed." *Id*. at 612 (Justice Scalia, concurring). In this case, the protective order, as an aggravating factor, was stipulated to by Defendant before trial, and certified copies of the protective order were introduced by the State. Thus, the jury was informed as

3

to the order's existence at the time of the murder and most certainly relied on the order's existence when it found Defendant guilty of first degree murder.[1] Furthermore, the protective order's existence at the time of the murder is undisputed and cannot be reasonably questioned. Therefore, it is clear that this element of the crime was proven beyond a reasonable doubt.

Defendant further argues that there was no objection "to the introduction of documents in connection with the TRO and the protective order that had been issued pursuant to Title 46 against Gregory Clavelle, but there was no stipulation that this was a lawful order issued in response to threats of physical harm or violence."

We find, however, that Defendant cannot avail himself of this argument on appeal for the reason that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." La.Code Crim.P. art. 841.

After *voir dire* and before opening statements, the State and Defendant stipulated to the fact the restraining order was in effect at the time of the murder, and Defendant did not object. However, Defendant did question the admission of the copy of the petition and orders because the narrative in the petition alleged several acts of violence. Particularly, the defense counsel argued that the State "alludes to evidence of other crimes that my client was not arrested for or prosecuted for." The trial court then suggested that Defendant and the State draft a limiting instruction to the jury regarding the use of the information contained in the petition for order of protection, to which both parties agreed. The limiting instruction was given to the jury.

---

[1] In *State v. Wright*, 01-322 (La. 12/4/02), p.15, 834 So.2d 974, our supreme court found that, where the parties had stipulated to a murder victim's date of birth and date of death, the jury had relied on those facts in finding the existence of an aggravating factor of first degree murder, that being that the victim was under the age of 12.

During the State's opening statement, regarding the protection order, the State said that "there was a hearing. And after that hearing, after a finding that there were in fact threats of violence and harm--"

Defendant objected:

> BY MR. LEGROS: In light of the stipulation that we entered into as to the authenticity of the documents to be submitted in connection with the restraining order, I call for an offer of proof on what Mr.Vines just said. How is he going to prove that?

> BY MR. VINES: That there is a specific--in the order itself, it says, "After a hearing, there has been a finding that there were threats of physical violence. The defendant was served with this petition, and the following orders that are checked will apply." It says it in the order. You just need to read the order.

> BY THE COURT: Okay, overruled.

It was never argued in the trial court that the order of protection was not lawful for any reason, particularly because Defendant was not represented by counsel at the hearing on the petition for the protection order. Defendant stipulated that the protective order was in effect at the time of the murder. The State was not required to prove the allegations contained in the order. The purpose of the contemporaneous objection rule is so that the trial court has an opportunity to correct the error and to prevent the defendant from resorting to an appeal on the issue after an unfavorable verdict. An exception to the rule is when the error is in the actual definition of the crime and the record bears full and sufficient proof of the error without the necessity of a further hearing. *State v. Styles,* 96-897 (La.App. 5 Cir. 3/25/97), 692 So.2d 1222, *writ denied*, 97-1069 (La. 10/13/97), 703 So.2d 609; *State v. Williamson,* 389 So.2d 1328 (La.1980).

5

**DECREE:**

Accordingly, we affirm Defendant's conviction for first degree murder.

**AFFIRMED.**